**QING DONG ZHENG, Petitioner,**

v.

**Michael B. MUKASEY,[1] U.S. Attorney General, Respondent.**

No. 05–5107–ag.

United States Court of Appeals, Second Circuit.

Dec. 11, 2007.

Qing Dong Zheng, New York, NY, pro se.

Peter D. Keisler, Assistant Attorney General; Linda S. Wernery, Assistant Director; Kelly J. Walls, Trial Attorney, Of-

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales.

fice of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. GUIDO CALABRESI and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Qing Dong Zheng, a native and citizen of China, seeks review of the August 23, 2005 order of the BIA denying his motion to reopen and reconsider. *In re Qing Dong Zheng,* No. A76 092 276 (B.I.A. Aug. 23, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen and reconsider for an abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur,* 413 F.3d at 233–34; *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001)(internal citations omitted).[2]

■ A motion to reopen "shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at" the original hearing. 8 C.F.R. § 1003.2(c)(1). Here, Zheng argues that the BIA erred in denying his motion to reopen based on new evidence that supposedly showed he had not altered the airline ticket he submitted in the earlier proceedings. The new evidence consisted of: (1) a June 2005 certificate purportedly from an official of the Fujian Provincial Airway stating that a booking clerk new to her position made alterations to Zheng's 1998 airline ticket; and (2) a second June 2005 certification purportedly from the Public Safety Bureau of Fuzhou Changle International Airport stating that Zheng flew on July 13, 1998. In its decision, the BIA noted that "there is no indication as to what information was provided to the persons who completed the certifications. No written documentation dated contemporaneous with the claimed date of the sale of the plane ticket to the respondent was provided." Moreover, "neither the nature of the 'investigations' nor the 'verification' process" by which the certifiers determined the circumstances surrounding the altered ticket and Zheng's 1998 flight was explained. *See Zhen Nan Lin v. U.S. Dep't of Justice,* 459 F.3d 255, 272 (2d Cir.2006) (noting that the failure to "discuss the methods used to verify the information" in a submitted document was a significant factor in declining to credit it). In such circumstances, we cannot conclude that the BIA's decision—that its earlier determination would not likely change upon consideration of such new evidence— lacked a "rational explanation" or was "devoid of reasoning." *See Alrefae v. Chertoff,* 471 F.3d 353, 357 (2d Cir.2006). *See also Borovikova v. U.S. Dep't of Justice,* 435 F.3d 151, 157–58 (2d Cir.2006) (IJ's decision not to credit rebuttal documents, including signed affidavit and letters from a government official, to counter a charge

---

**2.** Where, as here, an alien files a timely petition for review from the denial of a motion, but not from the underlying affirmance of a removal order, we review only the denial of the motion. *Ke Zhen Zhao,* 265 F.3d at 90. Thus, we confine our review to the denial of Zheng's motions.

of forged birth certificate was supported by substantial evidence). Accordingly, the BIA did not abuse its discretion in concluding that Zheng failed to meet his burden and that therefore his motion to reopen should be denied.

To the extent that Zheng challenges the BIA's denial of his motion to reconsider, the BIA reasonably denied that motion as Zheng failed to specify errors of fact or law in the agency's decision. *See* 8 C.F.R. § 1003.2(b)(1); *see also Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006) (per curiam) (holding that "[t]he BIA does not abuse its discretion by denying a motion to reconsider where the motion [merely] repeats arguments that the BIA has previously rejected.").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).